### EX PARTE W. G. RUSSELL.

No. 4901. Decided January 30, 1918.

**Habeas Corpus—Murder—Bail.**

Where, in the light of the testimony relator is entitled to bail, the judgment of the lower court denying him bail, is reversed and the cause remanded, and bail fixed at $25,000.

Appeal from the District Court of El Paso. Tried below before the Hon. W. D. Howe.

Appeal from a habeas corpus proceeding denying bail.

The opinion states the case.

*Hudspeth & Harper, Lea, McGrady & Thomason, W. H. Bledsoe,* for appellant.—Cited Holland v. State, 55 Texas Crim. Rep., 28; Fuller c. State, 54 id., 454; Bradley v. State, 54 id., 53; Ex parte Boyette, 19 Texas Crim. App., 17; Ex parte Russell, 71 Texas Crim. Rep., 377, 160

S. W. Rep., 75; Ex parte Way, 78 Texas Crim. Rep., 228, 180 S. W. Rep., 610.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Under an indictment charging relator with the murder of Charles Qualey he was arrested and resorted to a writ of habeas corpus for the purpose of obtaining bail. Upon the trial the trial judge refused to grant him bail, and remanded him to custody. A review of the facts in the case induces us to believe that the case is bailable, and the court was in error. There are some legal questions raised, but we deem it unnecessary to review them. In the light of the testimony, after a careful revision, we are of opinion that relator is entitled to bail, which is granted and fixed in the sum of twenty-five thousand dollars. Upon the execution of the bond in the terms and under the requirements of the law the officer having him in charge will approve the bond and release him from custody.

Reversed and bail granted.

*Bail granted.*